UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 06-20831-CIV-GRAHAM/O'SULLIVAN

GERTRUDIS PANTALEON,

    Plaintiff,

vs.

A RIDE TRANSPORTATION SERVICE,
INC., a Florida Corporation,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** came before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendant A Ride Transportation Service, Inc., [D.E. 16] and Plaintiff's Verified Motion for Attorney's Fees and Costs [D.E. 17].

**THE COURT** has considered the Motions and the pertinent portions of the record, and is otherwise duly advised in the premises.

### I. INTRODUCTION

This case arises under the Fair Labor Standards Act, (FLSA) 29 U.S.C. §§201-219. On April 3, 2006, Plaintiff initiated this action by filing a Complaint against Defendant to recover unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees [D.E. 1]. According to the Complaint, Plaintiff estimated her unpaid wages to total $2,249.10 and the total owed to her, including liquidated damages, to be $4,498.20.

On March 31, 2006, a Summons was issued to the Defendant [D.E. 2]. On May 10, 2006, a Return of Service was filed by Plaintiff that indicated that Marcelo Pinedo, as manager of A Ride Transportation Service, Inc., was served with a Summons and Complaint in this matter [D.E. 5]. On May 22, 2006, Marcelo Pineiro filed a Notice with the Court indicating that he was served with "papers," but did not know anything about the case [D.E. 6].

Thereafter, the Court issued an Order directing the Plaintiff to file a memorandum of law regarding whether proper service had been effectuated in this matter [D.E. 7]. On June 21, 2006, Plaintiff filed a Response to the Order on the Sufficiency of Process [D.E. 11]. The Response included an Affidavit of Service executed for Ride a Transportation indicating that Marcelo Pinedo as Manager of A Ride Transportation Service, Inc., had been served at 4300 NW 32nd Avenue, Suite B, Miami, Fl 33142, on May 2, 2006, after numerous attempts to serve the registered agent had been unsuccessful at that same address [D.E. 12].

On September 21, 2006, the Clerk entered a default against the Defendant in this matter [D.E. 14]. Plaintiff then filed a Motion for Default Judgment [D.E. 16] and a Verified Motion for Attorney's Fees [D.E. 17].

Defendant has not entered an appearance in this matter nor entered a response to Plaintiff's Motion for Default Judgment or Plaintiff's Motion for Attorney's Fees.

## II. LAW AND DISCUSSION

A.  Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

Further, Federal Rule of Civil Procedure 55(b) sets forth the procedure for default judgment by the Court. Rule 55(b)(2) provides, inter alia,

> **(b) Judgment.** Judgment by default may be entered as follows:...
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application...

Thus, the mere entry of a defendant's default by the Clerk does not, in itself warrant the court entering a default judgment, as a clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See, Tyco Fire & Sec., LLC v. Alcocer, 2007 WL 542583 *2

(11th Cir. (Fla.))(citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pleaded allegations of fact. <u>Id.</u>  Therefore, before entering a default judgment for damages, a court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. <u>Id.</u>

In the instant matter, the Plaintiff requests that this Court enter a default judgment and award damages against Defendant in the amount requested in the Complaint. In the Complaint, the Plaintiff alleges that she is entitled to recover unpaid overtime compensation pursuant to the FLSA, 29 U.S.C. § 201 <u>et seq</u>. The Complaint alleges that Plaintiff was employed as a driver by the Defendant and worked seventy (70) hours a week. Plaintiff alleges that Defendant failed to pay her the proper rate of time and one-half for all hours worked in excess of forty (40) hours per week.

Plaintiff has submitted a Statement of Claim which sets forth her calculation of damages as follows: 30 overtime hours per week x $3.57 (half-time)=$107.10 per week x 21 weeks=$2249.10 x 2 (liquidated damages) =$4,498.20 [D.E. 10]. The Plaintiff has also submitted an Affidavit which reiterates the information contained in the Statement of Claim [D.E. 16-1].

Further, the Motion for Default Final Judgment includes a certificate of service indicating that the Plaintiff served a copy of the Motion via U.S. Mail to the registered agent of A Ride Transportation Service, Inc., Gustavo Felicevich. The Plaintiff has also submitted a document downloaded from the website of the Florida Division of Corporations indicating that "A Ride Transportation Service, Inc.," has a principal address of 4300 NW 32nd Ave., Suite B, Miami, Florida, 33142 and a Registered Agent for the Corporation named Gustavo Felicevich at the same address [D.E. 11]. As indicated on the Affidavit of Service, the process server made several attempts to serve Gustavo Felicevich at the corporate address, but was only able to serve the manager of A Ride Transportation Service, Inc., Marcelo Pinedo.

Federal Rule of Civil Procedure 4(h) provides, in relevant part,

> (h) Service upon Corporations and Associations.
> ...[S]ervice upon a domestic or foreign corporation...that is subject to suit under a common name...shall be effected:
>
> (1)...by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...

Thus, it appears that the Defendant has served the Defendant in compliance with Federal Rule of Civil Procedure 4(h) by serving a manager of the corporation.

Accordingly, after a thorough review of Plaintiff's pleadings and the record, the Court finds that the Plaintiff has stated a valid cause of action under the FLSA against the Defendant and has

provided substantial support for the allegations contained in the Complaint and for the relief sought therein. The Court also concludes that the Defendant has failed to plead or otherwise defend against Plaintiff's claims. Thus, the Court concludes that there is sufficient basis in the pleadings to enter a default judgment pursuant to Rule 55(b)(2) in this matter.

B.  **Reasonable Attorney's Fees**

The Plaintiff has also submitted a Verified Motion For Attorney's Fees and Costs in this Matter [D.E. 17]. Section 216(b) of the FLSA, specifically provides for the award of reasonable attorney's fees and costs when an employee prevails against an employer in an FLSA action. 29 U.S.C.A. §216(b). Accordingly, as the Court has determined that the Plaintiff is entitled to a default judgment against the Defendant for her claims for overtime wages under the FLSA, the Plaintiff is entitled to reasonable attorney's fees and costs.

The Court has reviewed the Verified Motion for Award of Attorney's Fees, including the accompanying Affidavit which provides the billable records for those fees. The Plaintiff seeks attorneys fees for 8.75 hours billed by the Attorney at a rate of $300.00 per hour for a total of $2,625.00. The Court finds that the submitted fees are reasonable. Further, the Court finds that the costs submitted by the Plaintiff's attorney totaling $297.00 are reasonable and finds that Plaintiff is entitled to an award for costs, as well.

III. <u>CONCLUSION</u>

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [D.E. 16] is **GRANTED**. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiff and against the Defendant. It is further

**ORDERED AND ADJUDGED** that the Plaintiff shall have and recover from the Defendant the sum of $4,498.20, consisting of $2,249.10 in unpaid compensation and $2,249.10 in liquidated damages. In addition, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation [D.E. 17] is **GRANTED**. The Plaintiff shall have and recover the total sum of $2,922.00, representing $2,625.00 in attorney's fees and $297.00 in costs, from the Defendant. In addition, it is

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED** as moot. In addition, it is

**ORDERED AND ADJUDGED** that Plaintiff shall immediately provide Defendant with a copy of this Order via certified mail.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2007.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record